PONTIAC POLICE AND FIRE RETIREE PREFUNDED
GROUP HEALTH AND INSURANCE TRUST BOARD
OF TRUSTEES v CITY OF PONTIAC (ON REMAND)

Docket No. 316418. Submitted June 10, 2016, at Lansing. Decided
October 25, 2016, at 9:05 a.m. Leave to appeal sought.

The Board of Trustees of the City of Pontiac Police and Fire Retiree
Prefunded Group Health and Insurance Trust brought an action
against the city of Pontiac in the Oakland Circuit Court, alleging
that the city's failure to pay the annual contribution to the city's
health and insurance trust for fiscal year July 1, 2011, through
June 30, 2012, which was required by collective bargaining
agreements (CBAs), violated Const 1963, art 9, § 24 and the
ordinance under which the trust had been codified and breached
the CBA contracts. The trust was established as a tax-exempt
voluntary employees' beneficiary association, 26 USC 501(c)(9), to
hold the contributions of police and firefighters and those of the
city pursuant to CBAs under which retired police officers and
firefighters were to receive various healthcare benefits funded by
the trust. The trust required the city to make annual payments in
an amount determined by the trust's actuary, and it specified that
the benefits it funded were to be considered guaranteed by Const
1963, art 9, § 24. The city's emergency manager issued Executive
Order 225 (EO 225) on August 1, 2012, under § 19(1)(k) of 2011
PA 4, MCL 141.1519(1)(k); the order stated that it was amending
the trust to provide that the city no longer had an obligation to
continue to make contributions to the trust and that the order
had immediate effect. 2011 PA 4 was later repealed. The city
moved for summary disposition, arguing that Const 1963, § 24
did not apply under *Studier v Mich Pub Sch Employees' Retire-
ment Bd*, 472 Mich 642 (2005), and that there was no ordinance
violation or breach of contract because 2011 PA 4 authorized the
emergency manager to amend city ordinances and modify CBAs.
The court, Daniel P. O'Brien, J., granted the city's motion for
summary disposition of plaintiff's claims. Plaintiff appealed. The
Court of Appeals, MARKEY, P.J., and OWENS and FORT HOOD, JJ.,
concluded that the suspension and repeal of EO 225 did not affect
the validity of the emergency manager's actions, and it upheld the
circuit court's dismissal of plaintiff's Const 1963, art 9, § 24 claim

because *Studier* held that healthcare benefits are not accrued financial benefits protected by that constitutional provision. The Court of Appeals also rejected plaintiff's ordinance violation claim because plaintiff failed to identify a city ordinance governing the trust or healthcare benefits that the city had violated. However, the Court of Appeals reversed the circuit court's order that granted the city summary disposition of plaintiff's breach of contract claim, concluding that EO 225 had not retroactively eliminated the city's obligation to contribute to the trust for the fiscal year ending June 30, 2012; the city's contractual obligation to fund the trust arose from the CBAs, and the city's actuarially required contribution to the trust was past due on July 1, 2012, creating a breach of contract before EO 225 was issued. Because EO 225 removed the city's obligation to make future obligations, the order did not apply to the contribution that was past due when the order was issued. *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v City of Pontiac No 1*, 309 Mich App 590 (2015). The Supreme Court reversed in part and vacated in part the Court of Appeals opinion and remanded the case to the Court of Appeals. *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v City of Pontiac*, 499 Mich 921 (2016). In its order, the Supreme Court held that the Court of Appeals erred when it concluded that the emergency manager had not intended to extinguish the city's 2011–2012 fiscal year contribution because the language of the order that terminated the city's obligation to contribute to the trust did not differentiate between already accrued but unpaid obligations and future obligations. On that basis, the Supreme Court vacated the portion of the Court of Appeals judgment that discussed plaintiff's breach of contract claim. The Supreme Court directed the Court of Appeals on remand to consider (1) whether the retroactive analysis stated in *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26 (2014), applied to EO 225, (2) if so, whether under *LaFontaine* it was permissible for EO 225 to extinguish the city's accrued but unpaid 2011–2012 fiscal year contribution, and (3) if *LaFontaine* did not apply, the appropriate method for determining whether EO 225 constituted a permissible retroactive modification of the 2011–2012 fiscal year contribution.

On remand, the Court of Appeals *held*:

1. Retroactive application of legislation presents problems of unfairness because it can deprive citizens of legitimate expectations and upset settled transactions. To determine under *LaFontaine* whether a law has retroactive effect, a court must consider

four principles: (1) whether the statutory language contains specific language providing for retroactive application, (2) that in some situations, a statute does not operate retroactively merely because it relates to an antecedent event, (3) that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past, and (4) that a remedial or procedural act not affecting vested rights may be given retroactive effect when the injury or claim is antecedent to the enactment of the statute. The principles enunciated in *LaFontaine* regarding whether a statute may permissibly be given retroactive effect applied to EO 225 because the determination of retroactivity is primarily a matter of interpretation and executive orders are interpreted similarly to statutes.

2. Statutes are presumed to apply prospectively unless the Legislature clearly manifests the intent for retroactive application. The Legislature's expression of intent to have a statute apply retroactively must be clear, direct, and unequivocal from the context of the statute itself; the language must be so clear and positive that there is no room to doubt that retroactive application was the intention of the Legislature. A statute may not be applied retroactively if it abrogates or impairs vested rights, creates new obligations, or attaches new disabilities concerning transactions or considerations occurring in the past. These requirements apply equally to executive orders because executive orders are interpreted like statutes.

3. The circuit court erred by granting summary disposition in favor of the city with respect to plaintiff's breach of contract claim; EO 225 was not a permissible retroactive modification of plaintiff's accrued right to the contribution. Although the emergency manager intended that EO 225 apply retroactively to both future obligations and accrued but unpaid obligations, the language of the order lacked clear, direct, and unequivocal language that it should be applied retroactively. Plaintiff's breach of contract claim based on the city's failure to make its annual contribution to the trust accrued, and all the facts became operative and known, on July 1, 2012, before the emergency manager issued EO 225; plaintiff had a vested right in the accrued cause of action on that day. Retroactive application was not appropriate because retroactive application of EO 225 would have impaired or abolished plaintiff's existing cause of action for breach of contract.

Reversed in part and remanded.

EXECUTIVE ORDERS ISSUED BY EMERGENCY MANAGERS — RETROACTIVE APPLICA-
  TION.

  The retroactive analysis principle for determining whether a stat-
  ute may properly be applied retroactively, as set forth in *LaFon-
  taine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26 (2014),
  apply to the same determination in relation to an executive order
  issued by an emergency manager.

*Sullivan, Ward, Asher & Patton, PC* (by *Ronald S. Lederman* and *Matthew I. Henzi*), for plaintiff.

*Giarmarco, Mullins & Horton, PC* (by *Stephen J. Hitchcock* and *John L. Miller*), for defendant.

ON REMAND

Before: MARKEY, P.J., and OWENS and FORT HOOD, JJ.

PER CURIAM. This case returns to this Court on remand from our Supreme Court to consider whether defendant, the city of Pontiac, acting through its emergency manager (EM), may retroactively eliminate its accrued contract obligation to make its annual contribution to plaintiff, the City of Pontiac Police and Fire Retiree Prefunded Group Health and Insurance Trust, for the fiscal year ending June 30, 2012. In our prior opinion, we held that the EM's Executive Order (EO) 225, issued August 1, 2012, which purported to amend the trust pursuant to § 19(1)(k) of 2011 PA 4, MCL 141.1519(1)(k), "did not retroactively eliminate the city's obligation to contribute to the trust for the fiscal year ending June 30, 2012; consequently, we reverse[d] and remand[ed] for further proceedings." *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v City of Pontiac No 1*, 309 Mich App 590, 592; 873 NW2d 121 (2015) (*City of Pontiac I*), rev'd in part, vacated in part, and remanded 499 Mich 921 (2016)

(*City of Pontiac II*). After considering the questions our Supreme Court posed in its remand order, we again conclude that EO 225 may not be applied retroactively to extinguish defendant's accrued but unpaid 2011–2012 fiscal year contribution to the trust. We therefore reverse the trial court's order granting summary disposition to defendant with respect to plaintiff's breach of contract claim and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEEDINGS

The amount that defendant was actuarially determined to owe the trust for the fiscal year ending June 30, 2012, was $3,473,923.28. *Id.* at 594. As explained in this panel's prior opinion:

> The trust was established in 1996 as a tax-exempt voluntary employees' beneficiary association (VEBA), 26 USC 501(c)(9), to hold the contributions of police and firefighter employees and those of the city pursuant to collective bargaining agreements (CBAs) between the city and the various unions of the city's police officers and firefighters. The trust held and invested these contributions to provide health, optical, dental, and life-insurance benefits to police and firefighters who retired on or after August 22, 1996, as required by the various CBAs. At issue is the efficacy of Executive Order 225 issued on August 1, 2012, pursuant to § 19(1)(k) of 2011 PA 4, MCL 141.1519(1)(k), by the city's emergency manager (EM), Louis H. Schimmel, which purported to amend the trust to remove the city's annual obligation to contribute to the trust agreement "as determined by the Trustees through actuarial evaluations." The trial court accepted defendant's argument that the city's EM properly modified the city's obligation to contribute to the trust for the fiscal year ending June 30, 2012, by modifying the existing CBAs between the city and police and firefighter unions. The trial court also ruled that plaintiff's claim under Const 1963, art 9, § 24, was without merit under *Studier v Mich Pub Sch Employees*

*Retirement Bd*, 472 Mich 642; 698 NW2d 350 (2005). [*City of Pontiac I*, 309 Mich App at 592-593.]

Although the trust agreement did not directly state when defendant's required contribution was due, the parties agreed that the actuarially required contribution for the fiscal year ending June 30, 2012, was due on or before June 30, 2012. *Id.* at 597. "On August 1, 2012, the city's EM issued Executive Order (EO) 225, which purported to amend the trust pursuant to § 19(1)(k) of 2011 PA 4, to terminate the city's annual actuarially required contribution to the trust for the fiscal year ending June 30, 2012." *Id.* In particular, EO 225 stated, in relevant part:

> Article III of the Trust Agreement, Section 1, subsections (a) and (b) are amended to remove Article III obligations of the City to continue to make contributions to the Trust as determined by the Trustees through actuarial evaluations.
>
> The Order shall have immediate effect. [*City of Pontiac I*, 309 Mich App at 597-598; quoting EO 225 (quotation marks omitted).]

Plaintiff filed this action, alleging that defendant's failure to make the actuarially required contribution to the trust constituted a violation of Const 1963, art 9, § 24, a violation of an ordinance, and a breach of contract. *City of Pontiac I*, 309 Mich App at 599-600. On March 6, 2013, defendant moved for summary disposition, arguing that there was no violation of Const 1963, art 9, § 24 because our Supreme Court held in *Studier* that the provision does not apply to healthcare benefits, that there was no ordinance violation because 2011 PA 4 authorized the EM to amend ordinances, and that there was no breach of contract because 2011 PA 4 authorized the EM to modify a CBA.

*Id.* at 600. The trial court granted summary disposition to defendant in accordance with defendant's arguments. *Id.*

On appeal, we reversed on the ground that EO 225 as written had not retroactively eliminated defendant's obligation to contribute to the trust for the fiscal year ending June 30, 2012. *City of Pontiac I*, 309 Mich App at 608-610. We initially determined that the suspension and repeal by referendum of 2011 PA 4 *after* the EM's issuance of EO 225 did not affect the validity of the EM's actions. *Id.* at 602-603. And we upheld the trial court's dismissal of plaintiff's claim under Const 1963, art 9, § 24 in light of the holding in *Studier* that healthcare benefits are not accrued financial benefits protected by that constitutional provision. *Id.* at 603-605. We also found without merit plaintiff's ordinance violation claim because a city ordinance governing the trust or healthcare benefits for retired police officers and firefighters was not identified. *Id.* at 605-606.

With respect to plaintiff's breach of contract claim, we explained that defendant's contractual obligation to fund the trust arose from the pertinent CBAs and not the trust agreement itself. *City of Pontiac I*, 309 Mich App at 607. We concluded, on the basis of the parties' submissions, that defendant's actuarially required contribution to the trust was past due on July 1, 2012, and that, without modification of the pertinent CBAs, defendant's obligation to fund the trust was breached on that date. *Id.* at 597, 607. We reasoned that the EM had the *authority* under 2011 PA 4 to retroactively amend the CBAs with respect to defendant's obligation to contribute to the trust. *Id.* at 607-608. We noted that

after complying with the conditions specified in 2011 PA 4, the EM could "reject, modify, or terminate 1 or more terms and conditions of an existing collective bargaining agree-

ment." MCL 141.1519(1)(k). Because the parties to a collective bargaining agreement could apply its modified terms retroactively, we conclude that the EM also could do so under § 19(1)(k). [*City of Pontiac I*, 309 Mich App at 608.]

But we later concluded that EO 225 did *not*, in fact, eliminate defendant's actuarially required contribution to the trust for the fiscal year ending June 30, 2012. *Id.* at 608-609. We reasoned that EO 225 removed defendant's obligation to *continue to make* contributions to the trust, and considering that EO 225 was given immediate effect upon its adoption on August 1, 2012, we determined that EO 225 applied to defendant's present or future obligations, not to defendant's accrued but unpaid contributions to the trust for the fiscal year ending June 30, 2012. *Id.* at 608-609. We found support for our reading of EO 225 in the written communications between the EM and the State Treasurer preceding the issuance of EO 225. *Id.* at 609-610.

Defendant applied for leave to appeal in our Supreme Court, which held oral argument on the application. On May 18, 2016, our Supreme Court reversed in part and vacated in part this Court's opinion and remanded the case to this Court. *City of Pontiac II*, 499 Mich 921. Our Supreme Court's order states, in relevant part:

The Court of Appeals erred in its reading of Executive Order 225 (EO 225). Contrary to the Court of Appeals conclusion, EO 225 by its plain language expresses the intent of the emergency manager to extinguish the defendant's 2011-2012 fiscal year contribution. Although that contribution accrued on June 30, 2012, the defendant had not yet paid the obligation when EO 225 went into effect. EO 225 clearly states that, as of August 1, 2012, the defendant no longer has an obligation "to continue to make contributions" under Article III of the Trust Agreement. It does not differentiate between already accrued, but unpaid obligations and future obligations, and thus by its terms applies to both. Accordingly, the Court of Appeals erred by

concluding that the emergency manager did not intend to
extinguish the defendant's 2011-2012 fiscal year contribu-
tion. Nonetheless, although the Court of Appeals deter-
mined that the emergency manager could retroactively
extinguish the 2011-2012 fiscal year contribution through
his authority under 2011 PA 14 [sic], it did not specifically
address whether EO 225 was a permissible retroactive
modification of the plaintiff's accrued right to the contribu-
tion. See *LaFontaine Saline, Inc v Chrysler Group, LLC*,
496 Mich 26[; 852 NW2d 78] (2014). We therefore reverse
that part of the Court of Appeals judgment which interprets
EO 225, vacate that part of the Court of Appeals judgment
which discusses the plaintiff's breach of contract claim, and
remand this case to the Court of Appeals for it to consider:
(1) whether the retroactivity analysis stated in *LaFontaine*
applies to EO 225; (2) if so, whether the extinguishment of
the defendant's accrued, but unpaid, 2011-2012 fiscal year
contribution by EO 225 is permissible under *LaFontaine*;
and (3) if *LaFontaine* does not apply, the appropriate
method for determining whether EO 225 constitutes a
permissible retroactive modification of the 2011-2012 fiscal
year contribution. [*City of Pontiac II*, 499 Mich at 921.]

On remand, this Court allowed the parties to file
supplemental briefs. *Bd of Trustees of the City of
Pontiac v City of Pontiac*, unpublished order of the
Court of Appeals, entered June 24, 2016 (Docket No.
316418). We now consider the three questions pre-
sented by our Supreme Court in its remand order.

## II. ANALYSIS

### (1) DOES THE *LaFONTAINE* RETROACTIVITY ANALYSIS APPLY TO EO 225?

In *LaFontaine*, our Supreme Court articulated the
following principles to consider when deciding whether
legislation may permissibly be applied retroactively:

Retroactive application of legislation presents prob-
lems of unfairness because it can deprive citizens of

legitimate expectations and upset settled transactions. We have therefore required that the Legislature make its intentions clear when it seeks to pass a law with retroactive effect. In determining whether a law has retroactive effect, we keep four principles in mind. First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute. [*LaFontaine*, 496 Mich at 38-39 (quotation marks, ellipsis, and citations omitted); see also *In re Certified Questions*, 416 Mich 558, 570-571; 331 NW2d 456 (1982) (stating the same four principles).]

We have not located any caselaw stating whether the principles set forth in *Certified Questions* and *LaFontaine* for determining whether a statute may be applied retroactively should also be used when considering whether an emergency manager's executive order may be given retroactive effect. Nevertheless, we conclude that it is appropriate to apply the *Certified Questions* and *LaFontaine* principles concerning when legislation may permissibly be given retroactive effect to an emergency manager's executive order. The determination of whether legislation applies retroactively is primarily a question of statutory interpretation. See *LaFontaine*, 496 Mich at 34 (stating that "questions of statutory interpretation [are reviewed] de novo, including questions regarding retroactivity of amendments"); *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 583; 624 NW2d 180 (2001) ("In determining whether a statute should be applied retroactively or prospectively only, the primary and overriding

rule is that legislative intent governs. All other rules of construction and operation are subservient to this principle.") (quotation marks and citation omitted). Executive orders are generally subject to the same rules of interpretation as statutes. See *Soap & Detergent Ass'n v Natural Resources Comm*, 415 Mich 728, 756-757; 330 NW2d 346 (1982); *Aguirre v Dep't of Corrections*, 307 Mich App 315, 320-321; 859 NW2d 267 (2014). Because the determination of retroactivity is primarily a matter of interpretation and because executive orders are interpreted similarly to statutes, we believe the principles enunciated in *LaFontaine* that were used to determine whether a statute may permissibly be given retroactive effect should also be used to determine whether an executive order applies retroactively. We therefore answer our Supreme Court's first question in the affirmative. The retroactivity analysis set forth in *LaFontaine* applies to EO 225.[1]

### (2) UNDER *LaFONTAINE*, MAY DEFENDANT EXTINGUISH THROUGH EO 225 ITS ACCRUED BUT UNPAID 2011–2012 FISCAL YEAR TRUST CONTRIBUTION?

Having determined that the *LaFontaine* analysis is applicable to EO 225, we now analyze whether the extinguishment of defendant's accrued but unpaid 2011–2012 fiscal year contribution to the trust is permissible under *LaFontaine*.[2] The first principle to

---

[1] This conclusion is supported by the fact that the United States Supreme Court has stated "that congressional enactments *and administrative rules* will not be construed to have retroactive effect unless their language requires this result." *Landgraf v USI Film Prod*, 511 US 244, 272; 114 S Ct 1483; 128 L Ed 2d 229 (1994) (emphasis added; quotation marks and citation omitted).

[2] The issue here is *not* whether the EM had authority under 2011 PA 4 to modify collective bargaining agreements; there is no question that

consider is "whether there is specific language providing for retroactive application." *LaFontaine*, 496 Mich at 38. In the statutory context, legislative silence regarding retroactivity undermines any argument that a statutory provision was intended to apply retroactively. *Id.* at 40. "Statutes are presumed to apply prospectively unless the Legislature clearly manifests the intent for retroactive application." *Johnson v Pastoriza*, 491 Mich 417, 429; 818 NW2d 279 (2012).[3] "The Legislature's expression of an intent to have a statute apply retroactively must be clear, direct, and unequivocal as appears from the context of the statute itself." *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 155-156; 725 NW2d 56 (2006).

In its order remanding the case to this Court, our Supreme Court stated that "EO 225 clearly states that, as of August 1, 2012, the defendant no longer has an obligation 'to continue to make contributions' under Article III of the Trust Agreement." *City of Pontiac II*, 499 Mich at 921. But because EO 225 "does not differentiate between already accrued, but unpaid obligations and future obligations, . . . [it] thus by its

the EM had that authority. See *City of Pontiac I*, 309 Mich App at 607 (stating that "[u]nder 2011 PA 4, the EM could modify collective bargaining agreements, and, hence, could modify the city's obligation to contribute to the trust"). Rather, the question presented is whether the particular executive order at issue in this case, EO 225, comprised a permissible retroactive modification of defendant's contractual obligation to contribute to the trust under the retroactivity analysis set forth in *LaFontaine*.

[3] This presumption against retroactive legislation is premised on enduring legal principles " 'deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic. Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted.' " *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 166; 725 NW2d 56 (2006), quoting *Landgraf*, 511 US at 265.

terms applies to both." *Id.* Thus, our Supreme Court held that this Court "erred by concluding that the emergency manager did not intend to extinguish the defendant's 2011-2012 fiscal year contribution." *Id.* The law-of-the-case doctrine binds this Court on remand to follow a decision of our Supreme Court regarding a particular issue in the same case. *People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994). This Court is therefore bound by our Supreme Court's determination that EO 225 by its terms applies to both accrued but unpaid obligations and future obligations and that the EM intended to extinguish defendant's 2011–2012 fiscal year contribution.

But our Supreme Court did not determine whether EO 225 satisfies the first principle set forth in *LaFontaine,* i.e., "whether there is specific language providing for retroactive application." *LaFontaine*, 496 Mich at 38. Indeed, the Supreme Court's decision to remand the case to this Court to conduct an analysis under *LaFontaine* strongly suggests that the Supreme Court did not mean to resolve that issue. The fact that, as our Supreme Court determined, EO 225 "does not differentiate between already accrued, but unpaid obligations and future obligations, and thus by its terms applies to both," *City of Pontiac II*, 499 Mich at 921, does not answer the question whether EO 225 expresses *with the requisite degree of clarity* the intent that EO 225 would have a retroactive effect. See *Davis*, 272 Mich App at 155-156 (requiring a clear, direct, and unequivocal expression of intent to have a statute apply retroactively); *id.* at 167 (explaining that the United States Supreme Court has "emphasized that to give legislation retroactive effect, Congress is required to so indicate in the language of the statute in a manner that is 'so clear and positive as to leave no

room to doubt that such was the intention of the legislature' "), quoting *Landgraf v USI Film Prod*, 511 US 244, 272; 114 S Ct 1483; 128 L Ed 2d 229 (1994) (citation and quotation marks omitted).[4] See also *Frank W Lynch & Co*, 463 Mich at 587 (expressing agreement "with the *Landgraf* Court that a requirement that the Legislature make its intention clear 'helps ensure that [the Legislature] itself has determined that the benefits of retroactivity outweigh the potential for disruption or unfairness' ") (alteration in original), quoting *Landgraf*, 511 US at 268.[5]

Our Supreme Court reasoned that EO 225 by its terms applies to both future obligations and accrued but unpaid obligations, given that EO 225 does not differentiate between those obligations. Although such an inference arises from the lack of differentiation between the two types of obligations, EO 225 does not clearly, directly, and unequivocally state that it is intended to apply retroactively to unpaid but accrued obligations. We conclude that the text of the order does

---

[4] This Court in *Davis* noted that due process interests of fair notice and repose should be considered when deciding whether a statute should be applied retroactively. *Davis*, 272 Mich App at 158 n 3, citing *Landgraf*, 511 US at 266. See also *LaFontaine*, 496 Mich at 38 (noting that problems of unfairness arise from the retroactive application of legislation and citing *Downriver Plaza Group v Southgate*, 444 Mich 656, 666; 513 NW2d 807 (1994), which addressed a due process issue concerning the retroactivity of legislation that might " 'deprive citizens of legitimate expectations and upset settled transactions' ") (citation omitted).

[5] Although these cases address the obligation of a *legislative* body to express with sufficient clarity the intent to apply a provision retroactively, we have already concluded that the same requirement should apply equally to the author of an executive order given that executive orders are interpreted like statutes. See *Soap & Detergent Ass'n*, 415 Mich at 756-757; *Aguirre*, 307 Mich App at 320-321. Also, applying executive orders retroactively can present problems of unfairness similar to applying legislation retroactively. See *LaFontaine*, 496 Mich at 38.

not acknowledge with the required clarity the existence of accrued but unpaid obligations or state directly that such obligations were being retroactively removed. See *LaFontaine*, 496 Mich at 40 (noting that the Legislature had previously used specific retroactivity language when amending the relevant statute and that the Legislature's silence regarding retroactivity in the amendment at issue undermined any claim that the amendment was intended to apply retroactively); *Frank W Lynch & Co*, 463 Mich at 584 (noting the absence of express language regarding retroactivity and the fact that the Legislature knows how to clearly state its intention that a statute apply retroactively). Also, EO 225 was given immediate effect, but this does not clearly express an intention that it is to apply retroactively. See *LaFontaine*, 496 Mich at 40 (noting that "the Legislature provided for the law to take immediate effect *upon its filing date* . . . only confirms its textual prospectivity"); *Johnson*, 491 Mich at 430 (noting that giving legislation "immediate effect" does not "at all suggest" that the legislation applies retroactively). We therefore conclude that the first principle stated in *LaFontaine*, 496 Mich at 38—"whether there is specific language providing for retroactive application"—indicates that EO 225 should apply prospectively only because it lacks "clear, direct, and unequivocal" language providing for its retroactive application. *Davis*, 272 Mich App at 155-156.

The second principle under *LaFontaine* is that "in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event." *LaFontaine*, 496 Mich at 38-39. This principle " 'relate[s] to measuring the amount of entitlement provided by a subsequent statute in part by services rendered pursuant to a prior statute.' " *Id.* at 38 n 25, quoting *Certified Questions*, 416 Mich at 571.

We believe this principle is inapplicable under the facts and circumstances of this case.

The third principle identified in *LaFontaine* is that "in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past." *LaFontaine*, 496 Mich at 39, citing *Certified Questions*, 416 Mich at 571. "A statute may not be applied retroactively if it abrogates or impairs vested rights, creates new obligations, or attaches new disabilities concerning transactions or considerations occurring in the past." *Davis*, 272 Mich App at 158. When all the facts become operative and are known, a cause of action accrues and it becomes a vested right. *Certified Questions*, 416 Mich at 573; see also *Doe v Dep't of Corrections (On Remand)*, 249 Mich App 49, 61-62; 641 NW2d 269 (2001) ("A cause of action becomes a vested right when it accrues and all the facts become operative and known."). "In general, a cause of action for breach of contract accrues when the breach occurs, i.e., when the promisor fails to perform under the contract." *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 458; 761 NW2d 846 (2008) (quotation marks and citation omitted).

In this case, "[t]here is no dispute that Article III, § 1 of the trust obligates defendant to pay annual contributions to the trust that are determined to be 'actuarially necessary' to fund the future healthcare benefits of the pertinent retirees as required by the applicable [CBAs]." *City of Pontiac I*, 309 Mich App at 606. Further, the parties agree that defendant's actuarially required contribution to the trust for the fiscal year of 2011–2012 was due on or before June 30, 2012. *Id.* Defendant had not paid that obligation when EO 225

went into effect on August 1, 2012. *City of Pontiac II*, 499 Mich at 921. Hence, as of July 1, 2012, defendant was in breach of its contractual obligation to make its annual contribution to the trust for the fiscal year of 2011–2012. Plaintiff's cause of action for breach of contract therefore accrued, and all the facts became operative and known, on July 1, 2012, when defendant failed to perform under the contract. *Tenneco Inc*, 281 Mich App at 458. This accrued cause of action became a vested right as of that date. *Doe*, 249 Mich App at 61-62. Retroactive application of EO 225 would impair or abolish this vested right by eliminating defendant's contractual obligation, which forms the basis for plaintiff's breach of contract claim. By impairing or abolishing an existing cause of action, EO 225 falls within the general proscription on retroactive provisions identified in the third *LaFontaine* principle. See *Certified Questions*, 416 Mich at 573; *Doe*, 249 Mich App at 62.

The fourth *LaFontaine* principle is that "a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute." *LaFontaine*, 496 Mich at 39, citing *Certified Questions*, 416 Mich at 571. As discussed, retroactive application of EO 225 would impair or abolish plaintiff's accrued cause of action for breach of contract. Hence, even if EO 225 could be deemed remedial or procedural, the fourth *LaFontaine* principle does not support retroactive application of EO 225 given that a vested right would be affected. Our "Supreme Court has held that a statute significantly affecting a party's substantive rights should not be applied retroactively merely because it can also be characterized in a sense as 'remedial.' " *Doe*, 249 Mich App at 62, citing *Frank W Lynch & Co*, 463 Mich at 585. In the context of retroactivity analysis under *LaFontaine* and *Certified Questions*,

characterization of a statute as "remedial" "should only be employed to describe legislation that does not affect substantive rights." *Frank W Lynch & Co*, 463 Mich at 585. In this case, because EO 225 affects substantive rights, it cannot operate retroactively under the fourth *LaFontaine* principle. See *Doe*, 249 Mich App at 62-63.

Accordingly, we conclude that the retroactive application of EO 225 to extinguish defendant's accrued but unpaid contribution to the trust for the 2011–2012 fiscal year is impermissible under *LaFontaine*. EO 225 does not contain "clear, direct, and unequivocal" language providing for its retroactive application, *Davis*, 272 Mich App at 155-156, and its retroactive application would impair or abolish plaintiff's accrued cause of action for breach of contract, a vested right, *Doe*, 249 Mich App at 61-62. The trial court therefore erred by granting summary disposition in favor of defendant with respect to plaintiff's breach of contract claim.

### (3) IF *LaFONTAINE* DOES NOT APPLY, WHAT IS THE PROPER METHOD TO DETERMINE WHETHER EO 225 MAY BE APPLIED RETROACTIVELY?

Our Supreme Court's remand order further directed this Court to consider whether, "if *LaFontaine* does not apply, the appropriate method for determining whether EO 225 constitutes a permissible retroactive modification of the 2011-2012 fiscal year contribution." *City of Pontiac II*, 499 Mich at 921. As the Court's language reflects, it is only necessary for this Court to consider an alternative analytical framework if the *LaFontaine* analysis does not apply. Having concluded that *LaFontaine* does apply, it is unnecessary to address what method for assessing the permissibility of retroactive effect would otherwise apply to this situation.

Finally, we note that plaintiff's supplemental brief on remand raises additional issues that are beyond the scope of our Supreme Court's remand order. "[W]hen an appellate court gives clear instructions in its remand order, it is improper for a lower court to exceed the scope of the order." *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544; 705 NW2d 365 (2005). Accordingly, we decline to address plaintiff's arguments concerning additional issues.

In summation, we hold that the retroactivity analysis in *LaFontaine* applies to EO 225 and that the purported extinguishment of defendant's accrued but unpaid 2011–2012 fiscal year contribution is impermissible under *LaFontaine*. We therefore reverse the trial court's order granting summary disposition to defendant with respect to plaintiff's breach of contract claim and remand for further proceedings. We do not retain jurisdiction. No taxable costs are awarded to either party because a public question is involved. MCR 7.219.

MARKEY, P.J., and OWENS and FORT HOOD, JJ., concurred.